**Michael TANIELIAN, Lisa Tanielian, Plaintiffs–Appellants,**

v.

**DAIMLERCHRYSLER CORPORATION, Defendant–Appellee.**

No. 03–1812.

United States Court of Appeals, Sixth Circuit.

Aug. 31, 2004.

Kenneth J. Hardin, II, Nedra D. Campbell, Hardin & Associates, Bingham Farms, MI, for Plaintiffs–Appellants.

Thomas A. Cattel, Kristin P. Allen, Cattel, Tuyn & Rudzewicz, Bloomfield Hills, MI, for Defendant–Appellee.

Before KEITH, MARTIN, and ROGERS, Circuit Judges.

MARTIN, Circuit Judge.

Michael D. Tanielian appeals the district court's summary judgment dismissal of his complaint alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and Michigan's Persons With Disabilities Civil Rights Act, M.C.L. § 37.1101, *et seq.*[1] The district court granted summary judgment, finding Ta-

---

**1.** Lisa Tanielian, Michael's wife, filed a derivative claim for loss of consortium, companionship and society. Because her claim is dependent upon the success of her husband's claim, this opinion refers only to the claim of Michael Tanielian.

nielian was not a disabled person within the meaning of the Americans with Disabilities Act or the Michigan Act. *See Cotter v. Ajilon Servs., Inc.*, 287 F.3d 593, 598 (6th Cir.2002) (explaining that the Michigan Act "substantially mirrors" the federal act). According to the district court, Tanielian's depressive disorder, while an impairment, did not substantially limit a major life activity. The district court also found that Tanielian had failed to demonstrate that he had "a record of such impairment" or that he was "regarded as" having an impairment which substantially limits a major life activity. This timely appeal followed.

On appeal, Tanielian challenges the district court's finding that he had not established that he was legally disabled. Tanielian also appeals the district court's refusal to consider his surreply brief in deciding DaimlerChrysler's motion for summary judgment.

Having carefully reviewed the record and considered the arguments of counsel, we agree with the district court that Tanielian has failed to establish that he suffers from a disability under either the federal or the state Act; thus, we adopt the district court's reasoning as our own. Additionally, we conclude that the district court did not abuse its discretion in refusing to consider Tanielian's surreply brief. Accordingly, we AFFIRM the judgment of the district court.

